LAMB et al. *v.* JONES et al.

No. 41913 June 12, 1961 131 So. 2d 433

*Lomax B. Lamb, Jr.,* Marks, for appellants Mrs. Lula H. Lamb, John S. Lamb, Joe W. Lamb, and Mrs. Dorothy L. Hughes.

*E. C. Black,* Marks, for appellants Edward Lindsey Lamb, Joe Lois Lamb, and Mrs. Pattie Love Trotter.

*Dennis Baker, White & Finch,* Batesville; *Barnett, Montgomery, McClintock & Cunningham,* Jackson, for appellees.

JONES, J.

This case involves an undivided one-fourth interest in certain lands in Panola County. In 1909, one Johnson conveyed approximately 400 acres of land to S. L. Herring, J. L. Herring, F. A. Lamb and E. B. Lamb. S. L. Herring was the father of J. L. Herring, and the two Lambs were his sons-in-law. On January 3, 1914, all of them executed a deed of trust on said lands securing an indebtedness of $4,000 due January 1, 1915. On May 20, 1915, S. L. Herring executed the will that will be hereinafter mentioned.

On March 21, 1917, F. A. and E. B. Lamb and J. L. Herring conveyed to S. L. Herring 100 acres on the north side of this tract, stating that it was ''in consideration of $10 paid in order to effectuate a partition of lands owned by grantors and grantee.'' This was a warranty deed and conveyed ''all our undivided interests in the land.'' It was filed for record March 28, 1917. S. L. Herring died December 20, 1917, and in his will he named J. L. Herring and E. B. Lamb as executors. The will was probated January 4, 1918, and an order entered directing letters testamentary to issue to the executors. Nothing further seems to have been done in the estate. On January 6, 1919, trustee in the deed of trust above mentioned foreclosed same and the land was purchased by J. L. Herring and E. B. Lamb.

On February 17, 1922, E. B. Lamb conveyed to J. L. Herring, reciting in the conveyance that he was conveying an undivided one-half interest. J. L. Herring died on August 16, 1942, leaving as his only heirs his widow and his daughter, Mrs. Virginia Herring Jones, and the widow died February 28, 1952. F. A. Lamb died August 7, 1933, and E. B. Lamb died August 8, 1938. This suit was filed September 17, 1959. In the will of S. L. Herring, all of his property was devised to his widow, Mrs. Patty Nichols Herring, for and during the term of her life. She died March 27, 1929.

The will devised, subject to this life estate, an undivided one-eighth interest in the Johnson lands to three grandchildren, towit: Joe Lois Lamb, Ed L. Lamb, and Patty Love Lamb, who were the children of a deceased daughter of S. L. Herring. It also devised to a daughter, Mrs. Lula Herring Lamb, an undivided one-eighth interest in said land for her lifetime and on her death to her three children, John, Dorothy and Joe W. Lamb. The grandchildren, Mrs. Lula Herring Lamb, and her children were the complainants in the court below, and Mrs. Virginia Herring Jones was the defendant. The complainants claim title under the will aforesaid and assail the right of J. L. Herring and E. B. Herring to purchase at the trustee sale. The facts showed that E. B. Lamb conveyed his interest in said land as above stated to J. L. Herring and that J. L. Herring paid him $2,000 for his one-half interest.

Immediately after the purchase by Herring and Lamb under the trustee sale, they borrowed $4500 and placed a deed of trust upon the land. The testimony showed and the chancellor found that Herring and Lamb were acting in good faith. There was no attempt to show fraud.

Soon after the purchase, a portion of the Johnson land was conveyed to one Meyer and a house erected thereon on the public road. Thereafter another part of the land

662

facing on the road was sold to a third party and a house erected thereon. These third parties entered into possession of the parts they had purchased.

The youngest of the three grandchildren above mentioned became of age in 1925. Soon after the death of their grandmother they took possession of other lands which had been devised to them by their grandfather. J. L. Herring paid rent to Mrs. Lula Herring Lamb on lands other than the Johnson place which had been devised to her and her children. As stated above, the record showed and the chancellor found that J. L. Herring, and after his death, his wife and daughter, and after his widow's death, his daughter, had been in actual possession of these lands for a period of 40 years. The chancellor held that such a possession had existed and that the proof "overwhelmingly" showed adverse possession for 40 years. He further held that the partition deed above mentioned terminated the co-tenancy existing between the parties and that the three grandchildren were barred by limitations. The chancellor also held that under the will the executors were required to do nothing about the lands devised to Mrs. Lula Herring Lamb and her children; that this land went directly to her as a life tenant and to her children as remaindermen.

He further held that the 100 acres of land given to S. L. Herring in partition did not come under the authority of the executors, and that at the foreclosure sale whatever interest the life tenant, Mrs. Lula Herring Lamb, had was acquired by J. L. Herring and E. B. Lamb, her husband, and that the title of her children as remaindermen passed at the sale to said purchasers, their uncle and father. Of course, the deed of trust was prior, and a valid sale under it would destroy the rights of the remaindermen. The court was of the opinion that the foreclosure conveyance deprived all of the complainants, including the remaindermen, of their interest, and that the interest of Mrs. Lula Herring Lamb had been lost by

ouster and adverse possession. It was argued that no statute of limitations would run until the estate of the grandfather was closed, but the court held that since no part of the land was administered by the executors, it was his opinion that the statutes would not toll by the failure of the executors to procure a discharge. The chancellor dismissed the bill.'

At the time the suit was filed, every contemporary who might have thrown light upon the situation except Mrs. Lula Herring Lamb was dead, and she was of such age and physical condition that she could not testify, so there was not available to the court or to the defendant any evidence other than the record surrounding the trustee's sale, and the facts relative to use and possession.

██ ██ The youngest complainant involved became of age in 1936, 23 years before the suit was filed. At the time the suit was filed, J. L. Herring had been dead for 17 years. Some of the plaintiffs testified they knew they were to inherit some land from their grandfather and had known that for years. Of course, they knew their grandfather was dead, and each of them was charged with constructive notice of whether or not he had left a will. Howard v. Wactor, 41 So. 2d 259. The will as recorded would have shown exactly what their grandfather willed. The fact that J. L. Herring and E. B. Lamb, after the purchase at the trustee's sale, had disposed of certain portions of said land, of which complainants were charged with notice by the possession of the purchasers, certainly should have apprised them in the exercise of any diligence of the fact that J. L. Herring was claiming the property personally. If the property was purchased by Herring and Lamb in a fiduciary or trust capacity, such conveyance was voidable only and the plaintiffs were charged with the duty of disaffirming such action if they desired so to do within a reasonable time. 90 C. J. S., Sec. 303, page 476. This

they utterly failed to do and after waiting for a period of 40 years after the sale and 23 years after the youngest became of age, the complainants are held to have ratified such purchase by Herring and Lamb and to be barred and estopped from now attacking same, it being impossible because of the lapse of time for the defendant to present to the court any evidence other than the record and facts as to possession by J. L. Herring. The case is therefore affirmed.

Affirmed.

*Lee, P.J.,* and *Kyle, Ethridge* and *Gillespie, JJ.,* concur.